UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THEODORE BRISCOE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-02912-JPH-MPB |
| ) | |
| MATTHEW MINNIS Officer, 40190 IMPD, ) | |
| CRAIG SOLOMAN Officer 31735, IMPD, ) | |
| BRIAN WILLS Officer, ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING REQUEST FOR COUNSEL**

Plaintiff Theodore Briscoe brings this action alleging constitutional violations stemming from an arrest in Marion County, Indiana. The Court screened his amended complaint and permitted a Fourth Amendment claim to proceed against Officers Minnis, Solomon,[1] and Wills. Dkt. 19. On September 3, 2021, Mr. Briscoe filed a letter with the Court that appears to be a motion for the Court to assist with him in obtaining counsel in this matter. Dkt. [30]. For the reasons that follow, that motion is **DENIED**. Dkt. [30].

Mr. Briscoe has already requested assistance with the recruitment of counsel in this matter, dkt. 12, which the Court denied, dkt. 13. Since that decision, the defendants have filed an answer to Mr. Briscoe's complaint, dkt. 28, a subsequent motion for judgment on the pleadings, dkt. 33, and Mr. Briscoe filed the present request for assistance in obtaining counsel, dkt. 30.

---

[1] Defendants informed the Court in their answer that Officer Solomon had been incorrectly identified as Officer "Soloman." This order will correct that error.

1

Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014).

"'When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)).

The first question "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682. The Court previously found that Mr. Briscoe's had made a reasonable attempt to obtain counsel and encouraged him to continue his efforts. Dkt. 13 at 5. Mr. Briscoe should continue his efforts to find counsel on his own.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims himself." *Id.* (citing *Pruitt*, 503 F.3d at 655). "Specifically, courts should consider 'whether the difficulty of the case—factually and legally—

2

exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'" *Id.* (quoting *Pruitt,* 503 F.3d at 655). "This assessment of the plaintiff's apparent competence extends beyond the trial stage of proceedings; it must include 'the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial.'" *Id.* (quoting *Pruitt,* 503 F.3d at 655). Additionally, the Court "should consider the plaintiff's literacy, communication skills, educational level, litigation experience, intellectual capacity, and psychological history. . . . These are practical inquiries, and the court should consider any available relevant evidence." *Id.* at 682.

    Mr. Briscoe has completed the Indiana Department of Corrections literacy program and is enrolled in the G.E.D. program. Dkt. 12 at 2. He has filed several coherent motions in this case and has "filed 3 litigations in federal court before without any assistance." *Id.* at 3. And although Mr. Briscoe alleges that he has "struggled with comprehension," *id.* at 3, he has successfully filed a motion to proceed in forma pauperis without the assistance of counsel, dkt. 6, and his other filings thus far have been coherent. *See Ward v. Hoffman,* 670 F. App'x 408, 411 (7th Cir. 2016) (holding that the district court "properly denied" plaintiff's motion to recruit counsel because "his prior filings reflected his competence to litigate the case").

    The Court concludes that Mr. Briscoe is competent to litigate on his own at this time. If Mr. Briscoe has trouble meeting future deadlines, he may move the Court for an extension of time.

3

For the foregoing reasons, Mr. Briscoe's motion to recruit counsel, dkt. [30], is **denied without prejudice**. The Court will remain alert to changes in circumstances that may warrant reconsideration of the motion for counsel, such as a settlement conference or trial. The Clerk is **directed** to update the docket to correct the spelling of "Craig Soloman" to "Craig Solomon."

**SO ORDERED.**

Date: 10/6/2021

                                            James Patrick Hanlon
                                            United States District Judge
                                            Southern District of Indiana

Distribution:

THEODORE BRISCOE, JR.
980988
MIAMI - CF
MIAMI CORRECTIONAL FACILITY
Inmate Mail/Parcels
3038 West 850 South
Bunker Hill, IN 46914-9810

Martin Austin Brown
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS DUNCAN & MERCHANT, LLP
mab@rkblegalgroup.com

Andrew R. Duncan
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS DUNCAN & MERCHANT, LLP
ard@rkblegalgroup.com

John F. Kautzman
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS DUNCAN & MERCHANT, LLP
jfk@rkblegalgroup.com

Edward J. Merchant
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS DUNCAN & MERCHANT, LLP
ejm@rkblegalgroup.com

Adam Scott Willfond
OFFICE OF CORPORATION COUNSEL
adam.willfond@indy.gov