UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THEODORE BRISCOE, JR.,                 ) | |
|                                        ) | |
|     Plaintiff,                         ) | |
|                                        ) | |
|     v.                                 ) | No. 1:20-cv-02912-JPH-MPB |
|                                        ) | |
| MATTHEW MINNIS,                        ) | |
| CRAIG SOLOMON,                         ) | |
| BRIAN WILLS,                           ) | |
|                                        ) | |
|     Defendants.                        ) | |

**REPORT AND RECOMMENDATION AND ORDER**

The Honorable James Patrick Hanlon has assigned this matter to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) for a report and recommendation on Defendants Matthew Minnis, Craig Solomon, and Brian Wills's ("Defendants") *Motion for Judgment on the Pleadings*. (Docket No. 41). This matter is also before the Magistrate Judge on Defendants' *Motion to Stay Proceedings and Deadlines* (Docket No. 35), Plaintiff's *Motion to Amend/Correct Complaint* (Docket No. 37), and Plaintiff's *Motion for Extension of Time* (Docket No. 45). For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Defendants' *Motion for Judgment on the Pleadings* (Docket No. 41) be **GRANTED**. The Court further **ORDERS** that Defendants' *Motion to Stay* be **GRANTED** to the extent that all deadlines set forth in the scheduling order are **STAYED** at least until the District Court enters an order on the Report and Recommendation and that Plaintiff's *Motion to Amend* (Docket No. 37) and *Motion for Extension of Time* (Docket No. 45) be **DENIED**.

## I.  OVERVIEW

On November 5, 2020, Plaintiff, Theodore Briscoe, Jr., filed this pro se civil rights action against law enforcement officers, attorneys, and a crime lab employee. (Docket No. 1). The Court screened that complaint under 28 U.S.C. § 1915A(b) and ordered Mr. Briscoe to file an amended complaint to correct a number of fatal deficiencies that the Court identified in the original complaint. (Docket No. 13). On April 9, 2021, Mr. Briscoe filed an Amended Complaint. (Docket No. 16).[1] The Court again screened that complaint under 28 U.S.C. § 1915A(b). Upon reviewing Mr. Briscoe's amended complaint, the Court found that "[l]iberally construed, the allegations in the complaint are sufficient to plausibly assert 42 U.S.C. § 1983 false arrest and conspiracy claims against Officers Solom[o]n, Minnis, and Wills." (Docket No. 19 at ECF p. 3).

## II.  STATEMENT OF FACTS

The following statement of facts is taken from the factual allegations in the complaint in the light most favorable to the nonmovant. *Nat'l Fid. Life Ins. Co. v. Karaganis*, 811 F.2d 357 (7th Cir. 1987). As Mr. Briscoe is pro se, his Complaint is liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Mr. Briscoe alleges Officer Craig Solomon falsely arrested him,

---

[1] On April 14, 2021, and on April 19, 2021, Mr. Briscoe filed additional documents. (Docket No. 17; Docket No. 18). The April 14, 2021, filing is a letter explaining that all or some of Plaintiff's Amended Complaint may arrive late because, while it was sent before the April 8, 2021, deadline, part 1 of the body of his complaint never got forwarded because it weighed over the limit. (Docket No. 17). Indeed, the record indicates that Mr. Briscoe's Amended Complaint (Docket No. 16) was sent in five envelopes. The April 19, 2021, filing is a four-page letter entitled "Amended Complaint," which reiterates the facts and arguments that Mr. Briscoe sets forth in his Amended Complaint (Docket No. 16). While our Local Rules requirement the entire operative pleading to be in one document, the Court has reviewed the April 19, 2021, document. Much, if not all, of that document reiterates the information found in Plaintiff's amended complaint and the Court concludes that nothing provided in the April 19, 2021, filing affects the discussion herein.

and that Officers Matthew Minnis and Brian Wills conspired in the arrest. (Docket No. 16 at ECF p. 5). On February 1, 2016, Donjae Kurkland took police on a high-speed chase in a stolen vehicle. Kurkland was seen jumping out of the driver's side of the vehicle "prima facie before an investigation could be done by the police officer that was parked 10-20 feet behind the vehicle" that Mr. Briscoe was apparently riding in. (*Id.*). At some point on February 1, 2016, Officer Wills asked Mr. Briscoe about the individual who fled from the vehicle and got away. (*Id.*). Wills informed his sergeant about this individual, but the sergeant had Mr. Briscoe charged. (*Id.*).

### III.  MOTION FOR JUDGMENT ON THE PLEADINGS

Defendants bring a *Motion for Judgment on the Pleadings* arguing that, even assuming everything Mr. Briscoe alleges is true, the time to bring these claims has expired under the relevant statute of limitations. (Docket No. 33).

A. **Overview**

Certified court records from the Marion Superior Court, Criminal Division 21, show that Mr. Briscoe was charged by information with a Level 6 felony for resisting law enforcement; a Level 5 felony for carrying a handgun unlawfully with a prior conviction; and a misdemeanor of resisting law enforcement on February 4, 2016. (Docket No. 33-1 at ECF p. 2, 22-27). A criminal case for Mr. Briscoe's arrest was opened on February 4, 2016, under cause number 49G21-1602-F5-004552. (Docket No. 33-1 at ECF p. 2). A judicial officer found probable cause on February 4, 2016. (*Id.*). On February 5, 2016, Mr. Briscoe appeared for his initial hearing. (*Id.*). On August 17, 2017, Mr. Briscoe was tried for these criminal offenses by a jury. (Docket No. 33-1 at ECF p. 13, 31). The jury found Mr. Briscoe guilty as charged on all counts. (*Id.*).

Mr. Briscoe was sentenced to a term of imprisonment in the Indiana Department of Corrections on September 20, 2017. (Docket No. 33-1 at ECF p. 31). After he was sentenced, Mr. Briscoe appealed to the Indiana Court of Appeals and argued there was inadequate evidence to support the convictions. (Docket No. 33-1 at ECF p. 35; *Briscoe v. State*, 103 N.E.3d 350 (Ind. Ct. App. 2018)). The appellate court affirmed in all respects. *Id.*

### B. Legal Standard

Rule 12(c) provides, "[a]fter the pleadings are closed-but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The court applies the same standards as a motion to dismiss under Rule 12(b)(6). *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007). The parties moving for judgment on the pleadings under Fed. R. Civ. P. 12(c) must clearly establish that "no material issue of fact remains to be resolved and [they are] entitled to judgment as a matter of law." *Flora v. Home Federal Sav. & Loan Assoc.*, 685 F.2d 209, 211 (7th Cir. 1982); *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007).

"[A] district court [may] take judicial notice of matters of public record without converting a motion for failure to state a claim into a motion for summary judgment." *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). This "court is of course entitled to take judicial notice of judicial proceedings[.]" *Guar. Bank v. Chubb Corp.*, 538 F.3d 587, 591 (7th Cir. 2008).

Rule 77 of the Indiana Rules of Trial Procedure states that "[t]he judge of the case shall cause [C]hronological Case Summary (CCS) entries to be made of all judicial events." "The CCS is an official record of the trial court . . . ." Ind. R. Trial P. 77. In Indiana, "it is well settled that the trial court speaks through its CCS or docket and [courts are] limited in [their] authority to

look behind the CCS to examine whether an event recorded therein actually occurred[.]" *City of Indianapolis v. Hicks*, 932 N.E.2d 227, 233 (Ind. Ct. App. 2010) (citation omitted).

    **C. Discussion**

    After screening, only Mr. Briscoe's claims against the Defendants under 42 U.S.C. § 1983 for false arrest and conspiracy remain. (Docket No. 19 at ECF p. 3). Suits under § 1983 use the statute of limitations and tolling rules that states employ for personal-injury claims. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). "Indiana allows two years." *Id.* (citing Ind. Code § 34-11-2-4).

    While state law determines the length of the limitations period, federal law determines the date of accrual (i.e., the "start date") of the cause of action. *Logan v. Wilkins*, 644 F.3d 577, 581 (7th Cir. 2011). For § 1983 purposes, a claim accrues when the plaintiff knows or should know that his or her constitutional rights have been violated. *Id.* at 581-82. To determine when the claim accrues, a court must first identify the plaintiff's injury and then determine when the plaintiff could have sued for that injury. *Id.* at 582.

    "There is a specific rule, however, for false arrest claims." *Serino v. Hensley*, 735 F.3d 588, 591 (7th Cir. 2013). According to the Supreme Court, "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007).

    Here, Mr. Briscoe alleges that Officers Solomon, Minnis, and Wills falsely arrested him on February 1, 2016. (Docket No. 16 at ECF p. 5). The state court record indicates that the Marion County Prosecutor's Office filed three criminal offenses against Mr. Briscoe on February 4, 2016, related to this incident. (Docket No. 33-1 at ECF p. 1, 22-27). Mr. Briscoe received an

5

initial hearing the next day on February 5, 2016, and a $500,000 surety bond was set. (Docket No. 33-1 at ECF pp. 2-3). Accordingly, Mr. Briscoe was "detained pursuant to legal process" on February 5, 2016, *Wallace*, 549 U.S. at 397, and his false arrest-claim accrued at this time, *Serino*, 735 F.3d at 591. Thus, Mr. Briscoe needed to bring his false-arrest claim no later than February 5, 2018, two years after his arraignment. But, he did not file his complaint until November 5, 2020. The claim was filed too late and is time barred.

Mr. Briscoe's civil conspiracy claim fares no better. Like all Section 1983 claims, it too is subject to Indiana's two-year statute of limitations. *See Logan v. Wilkins*, 644 F.3d 577, 581-82 (7th Cir. 2011) (applying Indiana's two-year statute of limitations to civil conspiracy claim). Just like Mr. Briscoe's false-arrest claim, his civil conspiracy claim accrued in February 2016. He alleges no facts in his Amended Complaint which would create any reasonable inference that the claim accrued at any other time. If Mr. Briscoe's civil conspiracy claim accrued on February 1, 2016, he had until February 1, 2018, to file this lawsuit. Of course, Mr. Briscoe did not file his complaint until November 5, 2020. The pleadings show without question that Mr. Briscoe did not file this complaint early enough to satisfy the statute of limitations.

"While a statute of limitations defense is not normally part of a motion [for judgment on the pleadings] under Federal Rule of Civil Procedure [12(c)], when the allegations of the complaint reveal that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Logan*, 644 F.3d at 582 (7th Cir. 2011). Also while untimeliness is an affirmative defense, a complaint may be dismissed *sua sponte* if "the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous.'" *Muhammad-Ali v. Final Call, Inc.*, 832 F.3d 755, 763 (7th Cir. 2016) (quoting *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002)); *see also Koch v.*

6

*Gregory,* 536 F. App'x 659, 660 (7th Cir. 2013) (when complaint's allegations plainly show it is untimely, dismissal under § 1915A is appropriate).

Statutes of limitations "represent a pervasive legislative judgment that it is unjust to fail to put the adversary on notice to defend within a specified period of time and that 'the right to be free of stale claims in time comes to prevail over the right to prosecute them." *United States v. Kubrick*, 444 U.S. 111, 117, 100 S. Ct. 352, 62 L. Ed. 2d 259 (1979). Here, the pleadings leave no doubt that Mr. Briscoe failed to file timely claims.

### D. Conclusion

The Magistrate Judge **RECOMMENDS** that Defendants' motion be **GRANTED** and that Plaintiffs' false imprisonment and conspiracy claims be **dismissed with prejudice**, given that any amendment would be futile.

### IV.   MOTION FOR LEAVE TO AMEND THE COMPLAINT

While Mr. Briscoe did not respond to the Defendants' *Motion for Judgment on the Pleadings* he did file a *Motion to Amend* (Docket No. 37). Defendants filed a response (Docket No. 39), to which Mr. Briscoe did not reply. For the reasons that follow, Mr. Briscoe's request is **DENIED**.

### A. Overview

Mr. Briscoe's *Motion for Leave to Amend the Complaint* does not have a proposed, amended complaint enclosed. Instead, he indicates that "[i]n order to amend the complaint, I must first ask for permission to file a motion for [d]iscovery." (Docket No. 37 at ECF p. 1). He further explains "[d]iscovery is needed to reveal [the sergeant's] name [that arrived on scene on February 1, 2016," because the sergeant "is liable for the injury of false arrest." (*Id.* at ECF p. 2). He further indicates that the "Indianapolis Metropolitan Police department are responsible, under

7

color of state law, for failure to train there [sic] officers." (*Id.*). Specifically, he explains, that the department has a policy regarding dash cameras and latent fingerprints, which the officers in this instance did not follow. (*Id.*). Mr. Briscoe also discusses several claims that this Court previously dismissed on screening, including his Sixth Amendment ineffective assistance of counsel claims; malicious prosecution claims; and deprivation of a fair trial claims. (*Id.* at ECF pp. 3-5).

### B. Legal Standard

Rule 15(a) of the Federal Rules of Civil Procedure states that "leave shall be freely given when justice so requires," but the Court will not allow the plaintiff to amend his complaint when to do so would be futile. *Moore v. Indiana*, 999 F.2d 1125, 1128 (7th Cir. 1993) (citations omitted). "An amendment is futile if the added claim would not survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004). Southern District of Indiana Local Rule 15-1(b) provides that "[a]mendments to a pleading must reproduce the entire pleading as amended."

### C. Discussion

Mr. Briscoe seeks leave to amend his complaint so he can add the name of an unknown defendant who falsely arrested him. (Docket No. 37 at ECF p. 2). But, he says he needs to do discovery first to find out this unknown defendant's name. *Id.* Even if this Court permitted that discovery, Mr. Briscoe's amendment would be futile. As discussed, the Defendants have established the legal insufficiency of Mr. Briscoe's factual allegations in their motion for judgment on the pleadings. (Docket No. 33; Docket No. 34). Mr. Briscoe's false arrest and civil conspiracy claims are untimely because he waited longer than the two year statute of limitations after they accrued to file this lawsuit. (Docket No. 34 at ECF pp. 4-6). Adding another defendant

will not make Mr. Briscoe's untimely claims timely. Thus, the unknown individual's identity is irrelevant and does not provide good cause for Mr. Briscoe to amend his complaint.

To the extent that Mr. Briscoe's motion seeks to add additional claims, those claims are also futile. As explained in addressing Defendants' *Motion for Judgment on the Pleadings*, all federal Section 1983 claims are subject to a two-year statute of limitations. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Moreover, the Court previously explained why Mr. Briscoe's claims for ineffective assistance of counsel, malicious prosecution, and deprivation of a fair trial were barred. (Docket No. 19 at ECF p. 2).

### D. Conclusion

Mr. Briscoe's *Motion to Amend* (Docket No. 37) is **DENIED** given that it is futile, it addresses arguments already dismissed by this Court in a prior entry, and, in any event, it fails to comply with Local Rule 15-1.

### V.     PLAINTIFF'S MOTION FOR EXTENSION OF TIME

On December 17, 2021, Mr. Briscoe filed a letter informing the Court that he was now free from prison and asked for a thirty to ninety day grace period "to get familiar with [his] freedom." (Docket No. 45). Mr. Briscoe indicates that he was on house arrest until February 26, 2022. (*Id.*).

Mr. Briscoe's request does not explain what deadlines he is seeking relief from. There is a scheduling order in place in this case. (Docket No. 29). The only deadlines that postdate his request are the expert witness deadline (January 3, 2022), settlement conference notice (February 2, 2022), discovery deadline (March 2, 2022), and deadline to file dispositive motions (April 4, 2022). But, given Mr. Briscoe's claims are time-barred and that any amendment would be futile,

9

these deadlines are inapplicable. No extensions are needed. Mr. Briscoe's *Motion for Extension of Time* (Docket No. 45) is **DENIED**.

## VI.   DEFENDANTS' MOTION TO STAY PROCEEDINGS

Finally, Defendants requested that this matter be stayed during the pendency of their motion for judgment on the pleadings. (Docket No. 35). This motion is **GRANTED** to the extent that all deadlines set forth in the scheduling order are **STAYED** until the District Court enters an order on the Report and Recommendation regarding Defendants' *Motion for Judgment on the Pleadings* (Docket No. 33).

## VII.   CONCLUSION

The Magistrate Judge **RECOMMENDS** that Defendants' *Motion for Judgment on the Pleadings* be **GRANTED** and that Plaintiffs' false imprisonment and conspiracy claims be **dismissed with prejudice**, given that any amendment would be futile.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Failure to file timely objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.

**SO RECOMMENDED.**

It is **ORDERED** that Mr. Briscoe's *Motion to Amend Complaint* (Docket No. 37) is **DENIED**; Mr. Briscoe's *Motion for Extension of Time* (Docket No. 45) is **DENIED**; and Defendants' *Motion to Stay Proceedings and Deadlines* (Docket No. 35) is **GRANTED** to the extent that all deadlines set forth in the scheduling order are **STAYED** until the District Court

enters an order on the Report and Recommendation regarding Defendants' *Motion for Judgment on the Pleadings* (Docket No. 33).

**SO ORDERED.**

Date: 3/28/2022

Matthew P. Brookman
United States Magistrate Judge
Southern District of Indiana

Distribution:

THEODORE BRISCOE, JR.
839 W. 30th St.
Indianapolis, IN 46208


Martin Austin Brown
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS DUNCAN & MERCHANT, LLP
mab@rkblegalgroup.com

Andrew R. Duncan
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS DUNCAN & MERCHANT, LLP
ard@rkblegalgroup.com

John F. Kautzman
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS DUNCAN & MERCHANT, LLP
jfk@rkblegalgroup.com

Edward J. Merchant
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS DUNCAN & MERCHANT, LLP
ejm@rkblegalgroup.com

Adam Scott Willfond
OFFICE OF CORPORATION COUNSEL
adam.willfond@indy.gov